UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL G. MARSH | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:25-cv-00053-NT |
| v. | ) ) | |
| FREDERICK S. LAUTEN | ) ) | |
| Defendant | ) ) | |

**ANSWER TO COMPLAINT, STATEMENT OF AFFIRMATIVE DEFENSES, and JURY TRIAL DEMAND**

NOW COMES the Defendant, Frederick S. Lauten, by and through his counsel, Getman, Schulthess, Steere & Poulin, P.A., and offers the following reply to the Plaintiff's Complaint:

1. The Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. The Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. The Defendant lacks sufficient information to admit or deny where the Plaintiff purchased his ticket and therefore denies that portion of paragraph 3 of the Complaint. Otherwise, the Defendant admits the allegations contained in paragraph 3.

4. The Defendant admits the allegations contained in paragraph 4 of the Complaint.

**COUNT I – NEGLIGENCE**

1.[*sic*]. The Defendant repeats and realleges the answers contained in the foregoing paragraphs 1 – 4 as if set forth fully herein.

2.[*sic*]. The Defendant denies the allegations contained in paragraph 2[*sic*] of the Complaint.

3.[*sic*]. The Defendant denies the allegations contained in paragraph 3[*sic*] of the Complaint.

4.[*sic*]. The Defendant denies the allegations contained in paragraph 4[*sic*] of the Complaint as stated. Stating further, while the Defendant admits that he got up to use the restroom and that he had consumed alcohol, he denies that he was intoxicated and denies the implication in paragraph 4 that he fell onto the Plaintiff as a result of intoxication.

5. The Defendant denies the allegations contained in paragraph 5 of the Complaint as stated. Stating further, the Defendant had a medical condition that caused him to fall.

6. The Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. The Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains argument and conclusions of law and therefore does not require a response. To the extent that a response may be required, the Defendant denies the allegations contained in paragraph 8.

9. Paragraph 9 of the Complaint contains argument and conclusions of law and therefore does not require a response. To the extent that a response may be required, the Defendant denies the allegations contained in paragraph 9.

### DEMAND FOR JURY TRIAL

The Defendant hereby demands a trial by jury on all claims so-triable.

### STATEMENT OF AFFIRMATIVE DEFENSES

By way of further answer, the Defendant submits the following affirmative defenses and notice defenses. These defenses are reserved because discovery has not yet commenced:

1. The Defendant denies any and all claims of liability.

2. The Defendant denies the incident occurred in the manner in which the Plaintiff alleges in the Complaint.

3. The Defendant asserts that the accident occurred due to a sudden medical emergency.

4. The Defendant disputes the nature, extent and cause of the Plaintiff's alleged damages.

5. The Defendant reserves the right to rely upon the defense of failure to mitigate damages.

6. Due to the fact that discovery is just beginning, the defense reserves the right to assert that this action is barred by the applicable statute of limitations or is otherwise time-barred.

7. The failure to disclose this lawsuit on a bankruptcy petition, if any, results in the application of judicial estoppel and bars the Plaintiff from pursuing this lawsuit.

8. The Defendant calls upon the Plaintiff to determine if any of her medical care was paid for by Medicare/Medicaid or any other government or government administered program or is otherwise subject to a statutory right of reimbursement and to take all necessary steps to determine the amount of any liens or conditional payments. The Defendant hereby places the Plaintiff on notice that he will strictly adhere to the provisions of statutory authority, including Section 111 of the Medicare Extension Act of 2007, relative to the payment of all liens and requiring set asides for future medical expenses. All settlements are expressly conditional on strict compliance with statutory mandates. The Defendant further places the

> Plaintiff on notice that in the event of a settlement, the Defendant will issue payment(s) directly to the lienholder.

9. The Defendant reserves the right to allege or offer evidence that Plaintiff's alleged injuries, if any, were caused by preexisting medical conditions, subsequent medical conditions, and natural course of those conditions, for which the Defendant is not responsible.

10. Due to the fact that discovery is just beginning, the Defendant reserves the right to assert that the damage complained of by the Plaintiff is wholly or in part due by a third party, whether named as a party to this action or not, over whom the Defendant had no control.

11. Due to the fact that discovery is just beginning, the Defendant reserves the right to assert that the accident was caused, in whole or in part, by the Plaintiff's comparative negligence pursuant to 14 M.R.S.A. § 156.

12. The Defendant holds the plaintiff to his burden of establishing causation through expert evidence.

13. The Defendant objects to any and all medical bills for expenses alleged to have been incurred by the Plaintiff. Defendant objects to the admissibility of all medical bills in the absence of a proper foundation laid by the Plaintiff. Defendant also objects to the compensability of all medical bills on substantive grounds, including but not limited to, amounts written off by medical care providers.

14. The Defendant reserves the right to request that the jury (or Court) find fault against any and all potential tortfeasors, including, but not limited to, any and all defendants, their agents, employees, successor and successor and predecessor

entities, regardless of whether they have been sued by the plaintiff or any other party, whether or not they settle prior to trial, or whether they are protected from suit by any immunity or other legal bar to bringing such an action. The defendant intends to rely on the plaintiff's disclosure of fact and expert evidence to support this disclosure plus any additional evidence developed during discovery.

15. The Defendant waives none of his available defenses or Plaintiffs' proofs.

16. The Defendant has not yet had the opportunity to engage in discovery in this case and, therefore, expressly reserves the right to amend these defenses as may be made necessary by the discovery of additional facts.

Respectfully submitted,

Frederick S. Lauten.

By his attorneys,

Getman, Schulthess, Steere & Poulin, P.A.

Dated: February 11, 2025

By: /s/ Elizabeth L. Hurley
Elizabeth L. Hurley, Esquire
ME Bar # 005838
1838 Elm Street
Manchester, NH 03104
(603) 634-4300
ehurley@gssp-lawyers.com